1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

JOSE VELASCO,                     )    1:04-CV-06540 OWW SMS HC
11                                )
              Petitioner,         )    FINDINGS AND RECOMMENDATION
12                                )    REGARDING FIRST AMENDED PETITION
      v.                          )    FOR WRIT OF HABEAS CORPUS
13                                )
                                  )    [Doc. #23]
14  ROSANNE CAMPBELL, Warden,     )
                                  )
15              Respondent.       )
                                  )
16  ──────────────────────────────

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.

19        On November 15, 2004, Petitioner filed a petition for writ of habeas corpus in this Court.

20  Petitioner raised the following four grounds for relief: (1) "Petitioner's motion for new trial should

21  have been granted on the basis of ineffective assistance of counsel"; (2) "Ineffective assistance of

22  counsel not raised in Petitioner's motion for new trial prejudiced Petitioner"; (3) "Prosecutorial

23  misconduct denied Petitioner a fair trial"; and (4) "Cumulative error denied Petitioner a fair trial and

24  resulted in a miscarriage of justice." Grounds One and Two contained several subclaims.

25        On January 31, 2005, Respondent filed a motion to dismiss the petition as a mixed petition

26  containing exhausted and unexhausted claims. Petitioner filed an opposition to Respondent's motion

27  to dismiss on February 22, 2005. The undersigned issued a Findings and Recommendation on

28  March 2, 2005, recommending the motion to dismiss be granted, Petitioner's request to withdraw the

1  unexhausted claims be granted, Grounds One, Two, and Four of the petition be withdrawn, and the

2  petition be stayed pending Petitioner's exhaustion of his state remedies with respect to these three

3  unexhausted claims. On April 27, 2005, the District Court adopted the Findings and

4  Recommendation in full, and the petition was stayed. Petitioner subsequently filed monthly status

5  reports advising the Court of his progress through the state courts. On May 22, 2006, Petitioner

6  informed the Court that he had fully exhausted his claims in the California Supreme Court.

7  Therefore, on June 4, 2006, the undersigned lifted the stay and directed Petitioner to file his first

8  amended petition.

9       On June 8, 2006, Petitioner filed the First Amended Petition. Petitioner includes all of the

10  claims he raised in the original petition; however, he also includes a new claim. In Ground One,

11  subclaim 1-E, Petitioner raises a new claim of ineffective assistance of counsel. See pp. 9, 23-25,

12  First Amended Petition. Specifically, Petitioner contends trial counsel was ineffective in failing to

13  determine whether the bat admitted into evidence was the actual weapon used by Petitioner. Id.

14       This is the first notice this Court has received of this new claim. Petitioner never alerted the

15  Court that he wished to raise an additional claim. Petitioner's request for a stay was granted solely

16  for the purpose of allowing Petitioner the opportunity to exhaust the unexhausted claims he raised in

17  the original petition. As recently discussed by the Supreme Court, the stay and abeyance procedure is

18  available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of

19  encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and

20  undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's

21  incentive to exhaust all his claims in state court prior to filing his federal petition. Rhines v. Weber,

22  2005 WL 711587 (2005). The Supreme Court held that a stay and abeyance is "only appropriate

23  when the district court determines there was good cause for the petitioner's failure to exhaust his

24  claims first in state court." Id. In the instant case, Petitioner never made a showing with respect to his

25  failure to exhaust this additional claim, much less a showing of good cause to excuse his failure to

26  raise the new claim until now or even to alert the Court or Respondent of his intention to raise it.

27

28

[1]AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

1  Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

2  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

3

4

5  In this case, the Court found good cause to grant Petitioner leave to file a First Amended

6  Petition in order to include his original, now-exhausted claims. As for the new claim, the Court finds

7  Petitioner's attempted use of Rule 15(a) to include the claim to be abusive and duplicitous. As

8  pointed out by the Seventh Circuit, abuses of Rule 15 can be controlled by the district court under

9  subsection (a), which requires leave of court to file an amendment after a responsive pleading has

10  been filed. Ellzey v. United States, 324 F.3d 521, 527 (7th Cir.2003).  Accordingly, the Court will

11  recommend "Subclaim 1-E" be stricken from the First Amended Petition.

12  **RECOMMENDATION**

13  Accordingly, the Court hereby RECOMMENDS that Subclaim 1-E of Ground One be

14  STRICKEN from the First Amended Petitions.

15  These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger,

16  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

17  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

18  California.

19  Within thirty (30) days after being served with a copy, any party may file written objections

20  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

22  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

23  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

24  parties are advised that failure to file objections within the specified time may waive the right to

25  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26  IT IS SO ORDERED.

27  **Dated:    June 16, 2006**                        **/s/ Sandra M. Snyder**
   icido3                                              UNITED STATES MAGISTRATE JUDGE

28